IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,598-01






EX PARTE RONNIE LYNN HUGHES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2008-152-C2A IN THE 54TH JUDICIAL DISTRICT COURT


FROM MCLENNAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with murder, but
pleaded guilty to manslaughter and was sentenced to twenty years' imprisonment. He did not appeal
his conviction. 

 Applicant contends that his plea was involuntary because he relied on the advice of counsel,
who was ineffective. Applicant has alleged facts that, if true, might entitle him to relief. Strickland
v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
 The trial court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's
claim of ineffective assistance of counsel. Specifically, counsel shall respond as to what steps he
took to investigate and prepare for trial. Counsel shall state whether there was evidence to support
Applicant's assertion that the shooting was accidental. Counsel shall state what advice he gave
Applicant with regard to pleading guilty to the lesser offense of manslaughter, and whether he
explained to Applicant what the State would have to prove if he went to trial on the original charges. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make findings of fact and conclusions of law in regard to Applicant's claim that
his plea was involuntary. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 22, 2010

Do not publish